New Jersey Department of Labor,
Workmen's Compensation Bureau.

THOMAS ALKON, PETITIONER, v. SENIOR & PALMER,
INCORPORATED, RESPONDENT.

Decided December 10, 1935.

For the petitioner, *Lewis D. Busch.*

For the respondent, *James J. Skeffington.*

A formal petition having been filed in the above matter to which an answer was thereafter filed denying the allegations contained therein and setting up the defense that the petitioner was a casual employe.

On December 4th, 1935, testimony was adduced before me and after listening to the said testimony and stipulation of facts I do find and determine as follows:

The petitioner alleges that on January 24th he was employed by the respondent and that he was to shovel snow at the Millstone Junction of the Pennsylvania Railroad. He further testified that no one told him he was being hired to shovel snow but that he believed he was being hired as a laborer. He testified that there was an unusual snow fall on January 23d and 24th. He further testified that he did no other work but shovel snow and that he never had been employed by this respondent before. He also testified that during lunch hour he was walking around the shanty at Millstone Junction and he slipped and fell striking his head and suffering injuries thereto.

Tony Cicorillo testified that he was employed by the named respondent on January 24th and that he was hired to clear snow from the Pennsylvania tracks. He stated that he had

heard that men were being hired to clear snow from the tracks and he applied for work and he was sent out, with other men of the gang, to the Millstone Junction where they were put to work clearing snow from the tracks and switches of the Pennsylvania Railroad and at lunch time he saw the petitioner walking around the shanty slip and fall. He testified that he had never been employed by this respondent before and that there was an unusual snow fall in this vicinity on January 23d and 24th.

Mr. Booz appeared and testified for the respondent, that his concern was engaged to constructing bridges and abutments and that the active work on bridge construction had ceased about January 15th, and that at the time that this accident occurred they had only two men working for the purpose of protecting their personal property and equipment, but that they received a request from the Pennsylvania office to get together as many men as they possibly could and send them out to the Millstone Junction for the purpose of clearing the tracks and switches inasmuch as there had been an unusual snowstorm and the trains were being held up. He testified that the men were told they were being hired only for the purpose of shoveling snow and that there was no occasion for them to hire any other helpers for any other purpose inasmuch as there was no active work being done at the time.

Mr. Richardson testified that he was the one employing men at the shanty at Bayward and New streets on the morning of January 24th, and that he sent them out to Millstone Junction. He stated that he told the men that they were being hired to shovel snow and that he told those who first came around to go home and get as many men as they could who wanted to earn a few dollars shoveling snow, and that he sent all of these men out to Millstone Junction to clear the snow from the tracks and switches. He further testified that none of these men were employed to do any work under the bridge construction contract.

The respondent entered into evidence the meteorological report, which showed that on the day of January 23d, and the early part of January 24th there had been an unusual

snow fall. The record showing that the greatest snow fall in twenty-four hours was thirteen and four-tenths inches on the 23d and 24th and that this was the greatest snow fall in twenty-four hours in this month since 1885.

After having had an opportunity to observe the demeanor of the various witnesses as well as considering the testimony adduced before me I am satisfied and find as a fact that this case is one that comes within the rules of law laid down in the case of *Laspada* v. *Public Service Railway Co.*, 38 *N. J. L. J.* 102, and in the case of *Thompson* v. *Wagner*, 139 *Atl. Rep.* 344, and that the petitioner was a casual employe.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Ordered, that the petition be and the same is hereby dismissed.

<div align="right">

JOHN C. WEGNER,
*Referee.*